T.C. Memo. 2006-135

UNITED STATES TAX COURT

SCOTT AND SORAYA MALOWNEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19262-03.              Filed June 27, 2006.

<u>O. Christopher Meyers</u>, for petitioners.

<u>William F. Castor</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  This matter is before the Court on

petitioners' motion for litigation and administrative costs

pursuant to section 7430[1] and Rule 231.  The Court held for

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

petitioners in a bench opinion dated January 11, 2005. We incorporate herein the facts set forth in that opinion.

## Background

In 1996, Soraya Malowney decided to start a business involving the rehabilitation and sale of real estate. Mrs. Malowney had previous experience in the design and refurbishing of several homes, some of which were her former personal residences. After researching and evaluating several properties, she purchased, for $110,000, property located at 215 Northwest 74th Street in Lawton, Oklahoma. After purchasing the property, she discovered that it required an extensive amount of work. In October 1996, she began the renovation process and substantially completed the project by June 1997.

In 1997, petitioners hired a real estate agent and listed the property for $214,000. In 1999, after hiring another agent and reducing the sales price, petitioners sold the property for $162,667. On Schedule C, Profit or Loss From Business, of their 1999 Federal income tax return, petitioners claimed a $52,046 business loss (i.e., sales proceeds of $162,500 less purchase price of $110,000, improvements of $95,736, commissions of $7,625, and other expenses of $1,185).

On August 28, 2003, respondent issued petitioners a notice of deficiency relating to 1999 and determined that petitioners were not in a trade or business. On November 12, 2003, petitioners, while residing in Abilene, Texas, filed their

petition with the Court. After a brief trial on January 10, 2005, the Court determined that petitioners were engaged in a trade or business. On March 14, 2005, the Court filed petitioners' motion for litigation and administrative costs. The Court, on May 4, 2005, filed respondent's response to petitioners' motion for litigation and administrative costs.

## Discussion

Petitioners contend that they meet the requirements of section 7430 and, thus, are entitled to recover litigation and administrative costs. Respondent, however, contends that petitioners failed to meet the requirements of section 7430(c)(4)(B) because respondent's position was substantially justified and petitioners failed to delineate sufficiently the nature and amount of each item of cost.

The prevailing party in a Tax Court proceeding may recover administrative or litigation costs. See sec. 7430(a); Rule 231. Petitioners bear the burden of proving that they substantially prevailed and meet each requirement of section 7430. Rule 232(e). Petitioners, however, will not be treated as the prevailing party if respondent's position was substantially justified (i.e., had a reasonable basis in law and fact). Sec. 7430(c)(4)(B); see Pierce v. Underwood, 487 U.S. 552, 565 (1988). Substantial justification is based upon respondent's position on the date he issued the notice of deficiency and after filing his answer with this Court. Maggie Mgmt. Co. v. Commissioner, 108

T.C. 430, 442 (1997) (citing <u>Huffman v. Commissioner</u>, 978 F.2d 1139, 1147 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144).

On the date respondent issued the notice of deficiency and after filing his answer, respondent maintained the position that petitioners were not, in 1999, in the business of refurbishing or selling real estate. As a result, respondent contends that petitioners' "house should have been treated as investment property and the loss from the sale should have been treated as a capital loss." Indeed, in previous years, petitioners claimed, but subsequently acquiesced to respondent's disallowance of, certain reported business expenses. Thus, respondent's position was substantially justified and reasonable based upon the information available to him at the time he took a position in the administrative and judicial proceedings. The fact that petitioners established at trial that they were engaged in a trade or business does not diminish the reasonableness of respondent's position. See <u>Wasie v. Commissioner</u>, 86 T.C. 962, 969 (1986).

The second basis for respondent's objection to petitioners' motion to recover litigation costs is that petitioners failed to provide a detailed affidavit setting forth the nature and amount of each cost. A motion for award of costs must be accompanied by a "detailed affidavit * * * which sets forth distinctly the nature and amount of each item of costs for which an award is

claimed." Rule 231(d); see also <u>Cassuto v. Commissioner</u>, 93 T.C. 256, 271 (1989), affd. in part, revd. in part on other grounds and remanded 936 F.2d 736 (2d Cir. 1991). Petitioners' affidavit does not describe the specific nature of the work performed by their attorney, the number of hours their attorney worked on each matter, or the date such work was performed. Accordingly, petitioners are not entitled to recover administrative and litigation costs. Rule 231(d).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.